UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

GINA NELSON,

    Plaintiff,

vs.

CUMBERLAND FARMS, INC
a Florida Profit Corporation,

    Defendant.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, GINA NELSON ("Ms. Nelson" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant CUMBERLAND FARMS INC ("CFI" or Defendant"), a Florida Profit corporation, and states as follows:

1. Plaintiff brings these claims for race discrimination and retaliation against Defendant in violation of Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

### JURISDICTION, VENUE, AND PARTIES

2. This Court has jurisdiction has original jurisdiction over Plaintiff's Title VII claims because they arise under federal law. The Court has supplemental jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1367, as this claim is so related to Plaintiff's Title VII claim that it forms part of the same case or controversy.

3. Venue is proper because Defendant conducts substantial business in Broward County, Florida, and Plaintiff worked for Defendant in Broward County, Florida, where the

actions at issue took place.

4. Plaintiff is a Black/African American female.

5. During all times relevant, Plaintiff lived in Broward County, Florida.

6. Plaintiff is protected by Title VII/FCRA, because:

    a. She is a Black/African American female who suffered race discrimination; and

    b. She suffered an adverse employment action, and was subjected to an increasingly hostile work environment, based on her race, including being terminated for same.

7. Defendant was at all material times an "employer" as defined by Title VII and FCRA as it employed in excess of fifteen (15) employees.

8. Defendant is a Florida Profit Corporation, which does business in Broward County, Florida.

**CONDITIONS PRECEDENT**

9. Pursuant to Title VII/FCRA, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about June 25, 2019.

10. On or around December 15, 2020, Plaintiff received the EEOC's Notice of Right to Sue, giving Plaintiff the right to bring civil action on her claims within 90 days of her receipt of same.

11. More than 180 days have passed since the filing of the charge of discrimination.

12. All conditions precedent to this action have been satisfied and/or waived.

13. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

**STATEMENT OF FACTS**

14. Ms. Nelson worked diligently and conscientiously for CFI as a Guest Service Associate at Defendant's Store #9572 in Margate, FL from January 22, 2018, until her termination on September 3, 2018.

15. On or around February 2018, Cumberland Supervisor, Tamara Navarro ("Ms. Navarro"), a Hispanic woman, began openly and blatantly discriminating against Black employees, such as Plaintiff.

16. Ms. Navarro forced Black employees to work the most demanding and troublesome hours, while Caucasian and Hispanic workers were scheduled for more convenient and comfortable shifts upon request.

17. Ms. Navarro scheduled Hispanic and Caucasian workers in pairs during daytime hours and demanded that Black employees, including Ms. Nelson, work the harsh and more dangerous evening shifts by themselves.

18. Furthermore, due to dangerous robberies and violent crimes, CFI guidelines dictate that at least two (2) employees must be present at each shift in specific evening hours.

19. Ms. Navarro routinely flouted this rule when it came to Black employees, forcing them to work alone at dangerous hours in an effort to push them out of their employment simply because of their race.

20. As Plaintiff's employment progressed, she objected Ms. Navarro multiple times regarding the disparate treatment of Black employees. Specifically, Plaintiff informed Ms. Navarro that she felt that she was being discriminated against as compared to her white and Hispanic counterparts.

21. Plaintiff's objections are considered protected activity under Title VII/FCRA.

22. When Plaintiff would object to Ms. Navarro's racist management style, the latter became irate and hostile, and dismissed Plaintiff's complaints.

23. As such, instead of remedying the unlawful behavior, Ms. Navarro further retaliated against Plaintiff by forcing her to work longer hours and punished Black employees like her by forcing them to do derogatory and menial tasks, while sparing white/Hispanic employees of these types of duties.

24. When forcing Plaintiff and other Black workers to complete these tasks, Ms. Navarro would yell at them, call them "ugly monkeys" and other derogatory slurs.

25. Based on this retaliation, on or around June 15, 2018, Plaintiff objected to her Supervisor, Robert Daucher ("Mr. Daucher") objecting to this discrimination.

26. Mr. Daucher failed to acknowledge, let alone respond to, Plaintiff's objections, thus allowing Ms. Navarro's racist behavior to continue undeterred.

27. Ultimately on July 30, 2018, Ms. Nelson made a formal complaint to CFI's corporate office, and recounted the race discrimination and retaliation she had endured at CFI.

28. Again, CFI failed to conduct any investigation regarding these serious claims and likewise never acknowledged Plaintiff's objections.

29. On September 1, 2018, Ms. Navarro, once again, forced Plaintiff to work alone on the dead of night, when CFI rules dictated that two employees must be working during the time that Plaintiff was scheduled to work.

30. That day, Ms. Nelson informed Ms. Navarro that her co-worker (another Black employee chosen to work in the dangerous midnight hours), was not able to attend the scheduled shift, and as such, safety regulations prevented Ms. Nelson from finishing her shift.

31. As the night progressed and no replacement appeared, Ms. Nelson contacted Ms.

Navarro and stated that she was unable to continue working due to her safety concerns. Ms. Nelson also contacted Mr. Doucher to inform him of same, but the latter failed to answer. Concerned for her safety, Ms. Nelson was unable to finish her shift.

32. On September 3, 2018, Ms. Navarro took the ultimate retaliatory step and terminated Ms. Nelson for "failing to follow company policy."

33. Shocked, Ms. Nelson informed Ms. Navarro that it was actually her who violated company policy when she required Ms. Nelson to work at a dangerous time without assistance in violation of CFI policy.

34. In response to this, Ms. Navarro stated that she "[doesn't] want y'all niggers working at [her] shifts, anyway," before terminating the call and Plaintiff's employment.

35. This outrageous statement is direct evidence of racial discrimination under Title VII/FCRA and corroborates the discriminatory actions and intent which Ms. Nelson objected to all along.

36. Plaintiff's termination was in retaliation to Ms. Nelson's objections to race discrimination occurring at CFI.

37. Plaintiff was treated in a disparate manner from her counterparts who were not Black/African-American.

38. By reason of the foregoing, Defendant's actions violated Title VII/FCRA.

39. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination, and termination suffered by Plaintiff.

## COUNT I - DISCRIMINATION UNDER TITLE VII BASED ON RACE

40. Plaintiff realleges and readopts the allegations contained in paragraphs 1-39 of the Complaint, as if fully set forth in this Count.

41. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under Title VII.

42. The discrimination/disparate treatment to which Plaintiff was subjected was based on her race.

43. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44. The conduct of Defendant was so willful, wanton, and in reckless disregard of Plaintiff's statutory rights, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

45. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

### COUNT II - RETALIATION UNDER TITLE VII
### BASED ON PLAINTIFF'S OBJECTIONS TO DEFENDANT'S RACE DISCRIMINATION

46. Plaintiff realleges and adopts the allegations contained in paragraphs 1-39 of the Complaint, as if fully set forth in this Count.

47. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing race discrimination under Title VII.

48. Plaintiff engaged in a protected activity when she objected and reported to management regarding Defendant's illegal, discriminatory conduct.

49. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal, discriminatory conduct.

50. Defendant's adverse employment action was causally connected to Plaintiff's objections to Defendant's mistreatment and unlawful conduct.

51. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

53. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination and retaliation through reinstatement, or, if that is not practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to Title VII; and provide any additional relief that this Court deems just and proper.

## COUNT III - DISCRIMINATION
## UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON RACE

54. Plaintiff realleges and readopts the allegations contained in paragraphs 1-39 of the Complaint, as if fully set forth in this Count.

55. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under the FCRA.

56. The discrimination/disparate treatment to which Plaintiff was subjected was based on race.

57. Defendant's discriminatory comments were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

58. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), FLA. STAT.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

### COUNT IV - RETALIATION
### UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON PLAINTIFF'S OBJECTIONS TO DEFENDANT'S RACE DISCRIMINATION

60. Plaintiff realleges and adopts the allegations contained in paragraphs 1-39 of the Complaint, as if fully set forth in this Count.

61. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing race discrimination under the FCRA.

62. Plaintiff engaged in a protected activity when she complained to management regarding Defendant's illegal, discriminatory conduct.

63. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal, discriminatory conduct.

64. Defendant's adverse employment action was causally connected to Plaintiff's objections to Defendant's discrimination, abuse, harassment, and unlawful conduct.

65. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), FLA. STAT.

67. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination and retaliation through reinstatement, or, if that is not practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including back pay, unpaid wages, compensatory damages, and punitive damages;

award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to Section 760.11(5), FLA. STAT.; and provide any additional relief that this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 9th day of March, 2021.

                                              Respectfully submitted,

                                              ***/s/ Noah E. Storch***
                                              Noah E. Storch, Esquire
                                              Florida Bar No. 0085476
                                              RICHARD CELLER LEGAL, P.A.
                                              10368 W. State Rd. 84 Suite 103
                                              Davie, FL 33324
                                              Telephone:  (866) 344-9243
                                              Facsimile:   (954) 337-2771
                                              E-mail: noah@floridaovertimelawyer.com

                                              *Counsel for Plaintiff*